I concur with the main opinion as to Parts I(B) and III, and I agree with the affirmance of the trial court's order denying the defendants' motions to stay the judicial proceedings against the nonsignatory defendants pending the arbitration of the claims against the signatory defendants. That decision was within the trial court's discretionary prerogative.
Although the main opinion recognizes that whether to stay the nonarbitrable claims was discretionary with the trial court, it expressly notes Justice White's special concurrence in DeanWitter Reynolds Inc. v. Byrd, 470 U.S. 213, 225, 106 S.Ct. 1238,84 L.Ed.2d 158 (1985), in which he opines that "the heavy presumption should be that the arbitration and the lawsuit will each proceed in its normal course." (White, J., concurring.) I point out, however, that in concluding his special writing, Justice White recognized that "the matter remain[ed] to be determined by the District Court." Id. Since the Supreme Court decided Byrd, those federal circuits that have addressed the propriety of a stay of judicial proceedings involving both arbitrable and nonarbitrable issues have treated the question as one vested within the sound discretion of the trial court. SeePryner v. Tractor Supply Co., 109 F.3d 354 (7th Cir.), cert. denied, ___ U.S. ___, 118 S.Ct. 294, 139 L.Ed.2d 227 (1997); AmericanRecovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88
(4th Cir. 1996); McCarthy v. Azure, 22 F.3d 351 (1st Cir. 1994);Genesco, Inc. v. T. Kakiuchi Co., 815 F.2d 840 (2d Cir. 1987). This Court is in accord. See Terminix Int'l Co. v. Jackson,669 So.2d 893 (Ala. 1995).
The plaintiffs in these cases have alleged that all of the defendants conspired together to violate the Mini-Code. Thus, by their own claims, I think, the plaintiffs have alleged a sufficient connection between the defendants that warrants concern about the possibility of inconsistent results if their claims against the signatory defendants are arbitrated and those against the nonsignatory defendants are litigated. Nevertheless, as the main opinion states, the plaintiffs' conspiracy allegation has not been developed at the present stage of the proceedings in these cases. If the conspiracy claims are found to allege a combination of both signatories and nonsignatories, then the trial court will have the opportunity to apply its discretion at a later stage of these proceedings to determine whether a stay of the litigation is warranted pending arbitration.
Therefore, I concur in the result as to Part II. As to Parts I(A) and I(C), I dissent.